UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANGELA BARTON HAYNES, CIVIL ACTION
TRAVIS HAYNES and MARY NETZER

VERSUS NO: 17- 4193

JONATHAN SIPOLA, ROYAL SONESTA, INC., SECTION: A (3)
SONESTA INTERNATIONAL HOTELS CORPORATION,
ABC INSURANCE COMPANY and XYZ INSURANCE COMPANY

## ORDER

Before the Court is a Motion to Remand to State Court (Rec. Doc. 18) filed by Plaintiffs Angela Haynes, Travis Haynes, and Mary Netzer. Defendants Jonathan Sipola, Royal Sonesta, Inc. and Sonesta International Hotels Corp. oppose the Motion. (Rec. Docs. 26, 30). The Motion, set for submission on June 14, 2017, is before the Court on the briefs without oral argument.

I. Background

This matter arises out of the alleged assault of Plaintiff Angela Haynes by Defendant Jonathan Sipola at the Hotel Richelieu. Plaintiff alleges that a Royal Sonesta waiter drugged her glass of wine, aiding Sipola with her assault. At the time of the alleged assault, Plaintiffs Angela Haynes and Mary Netzer were staying in the Royal Sonesta Hotel in New Orleans. Mary Netzer, Angela Haynes' mother, is also a plaintiff in this lawsuit alleging mental anguish, negligent and intentional infliction of emotional distress, and intentional spoliation of evidence by Defendants Sipola and Royal Sonesta. Plaintiffs now seek remand of this matter, alleging that removal was improper. (Rec. Doc. 18).

Plaintiffs Angela Haynes and Travis Haynes are domiciled in Indiana, and Plaintiff Mary Netzer is domiciled in Minnesota. (Rec. Doc. 18-1). Defendant Jonathan Sipola is domiciled in Minnesota, Defendant Royal Sonesta is a Louisiana corporation, and Defendant Sonesta

1

International Hotels is a Maryland corporation. (Rec. Doc. 18-1). Because Plaintiff Mary Netzer and Defendant Jonathan Sipola are domiciled in Minnesota, Plaintiffs argue that removal was improper. Additionally, Plaintiffs argue that removal was improper because Defendant Royal Sonesta, Inc. is a citizen of Louisiana, the state from which this matter was removed. (Rec. Doc. 18-1). Defendants do not contest citizenship, but argue that the citizenship of Plaintiff Mary Netzer and Defendant Royal Sonesta should be ignored because Plaintiffs have no cause of action against Defendant Royal Sonesta, and that Plaintiff Mary Netzer has no cause of action against any of the Defendants (Rec. Docs. 26, 30).

## II.   Analysis

Plaintiffs seek remand of this matter to state court alleging that this Court does not have subject matter jurisdiction and that the removal was procedurally defective. Plaintiffs base their argument on the fact that Mary Netzer and Defendant Sipola are both Minnesota residents, and the fact that Defendant Royal Sonesta is a citizen of Louisiana, the state from which this matter was removed. Plaintiffs further argue that an allegation of improper joinder places a heavy burden, which Defendants have not met. Defendants recognize that Plaintiff Mary Netzer is a Minnesota resident, but allege that her inclusion in the suit and the inclusion of Royal Sonesta should be ignored for diversity and removal purposes because they were fraudulently joined in order to defeat jurisdiction. Defendants argue that Plaintiff Mary Netzer has no viable cause of action against any of the Defendants, and that none of the Plaintiffs have a viable cause of action against Defendant Royal Sonesta. Plaintiffs' Motion to Remand turns on whether Royal Sonesta was improperly joined to this lawsuit and whether Mary Netzer has a viable cause of action against any of the Defendants.

### a.   Improper Joinder of Defendant Royal Sonesta

Plaintiffs originally brought this matter to the State Court - Civil District Court in New Orleans. Given that Royal Sonesta is a citizen of Louisiana, Plaintiffs argue that this matter should be remanded because 28 U.S.C. § 1441(b) prohibits removal to Federal Court if any defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b). Defendants argue that this matter should remain in Federal Court because none of the Plaintiffs have any viable causes of action against Defendant Royal Sonesta.

Under the doctrine of improper joinder, or fraudulent joinder doctrine[1], "the presence of an improperly joined non-diverse" or in-state defendant does not defeat federal diversity jurisdiction. *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Courts must look at "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state or non-diverse defendant." *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571 (5th Circ. 2006) (citing *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir.2004)). The removing party bears the burden of proof to demonstrate improper joinder, and the burden "is a heavy one." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

In order to demonstrate improper joinder, the removing party "must either show '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against'" the non-diverse or in-state party in state court. *Smallwood v. Illinois Central R. Co.*, 352 F.3d 220, 222 (5th Cir. 2003) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 342 F.3d 400 (5th Cir. 2003)). Defendants do not allege actual fraud in the pleading of jurisdictional facts, so only the second prong is at issue. Under this second prong, Courts look to whether "there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts

---

[1] The Court notes that the United States Court of Appeals for the Fifth Circuit has adopted the term "improper joinder" as the preferred term between improper joinder and fraudulent joinder. *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir.2004)

involved.'" *Id.* If there is no arguable basis for liability, then the Court must "conclude that the plaintiff's decision to join the local defendant was fraudulent." *Id.*

Plaintiff Angela Haynes alleges that an employee at the Royal Sonesta Hotel conspired with and aided Defendant Sipola in assaulting her. The Royal Sonesta Hotel is owned by Defendant Royal Sonesta, and Plaintiffs assert that as owner, Royal Sonesta is liable to Plaintiffs based on a failure to warn of the potential danger, maintain adequate security, properly inspect the premises, properly train/supervise employees, or take reasonable precautions when hiring. Plaintiffs argue because similar assaults had been occurring at the Royal Sonesta Hotel, the assault of Angela Haynes was foreseeable. Defendants argue that the Royal Sonesta, simply as owner of the hotel did not owe a duty to Plaintiffs.

The Court finds Defendants have not met their heavy burden of proving that there is no arguable basis for liability on Defendant Royal Sonesta to any of the Plaintiffs. Under Louisiana law, if an "*owner* or manager became aware of impending or possibly impending danger, he must warn his patrons of the potential danger." *Fredericks v. Daiquiris & Creams of Mandeville, LLC*, 906 So.2d 636, 645 (La. Ct. App. 1 Cir. 2005) (emphasis added). The Louisiana Court of Appeals for the First Circuit considered the assault of one patron by another a potential danger that an owner could be liable for if the danger was foreseeable. *Id.* Additionally, a "proprietor must exercise reasonable care to protect his guests from harm at the hands of an employee, another guest, or a third party." *Id.* (citing *Taylor v. Stewart*, 672 So.2d 302, 306 (La. App. 1 Cir. 1996)). Thus, Louisiana law imposes a duty on owners to protect guests from harm at the hand of employees and other guests. Given the fact that Royal Sonesta is the owner of the hotel where this assault occurred, the Court is unconvinced that there lacks an arguable basis for Royal Sonesta's liability and that Plaintiffs improperly joined Royal Sonesta. Therefore, removal was improper

4

because Defendant Royal Sonesta is a citizen of the state where this lawsuit was brought, and this matter should be remanded to the court from which this matter was removed.

### b. Mary Netzer's Claims Against Defendants

Having found that removal was improper because Defendant Royal Sonesta is a citizen of Louisiana and was not improperly joined to the lawsuit, the Court need not address whether Plaintiff Mary Netzer has any viable claims against Defendants.

Accordingly;

**IT IS ORDERED** that the Motion to Remand to State Court (Rec. Doc. 18) filed by Plaintiffs is **GRANTED**. This matter is hereby remanded to the court from which this matter was removed.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Rec. Doc. 5) filed by Defendant Jonathan Sipola is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Rec. Doc. 8) filed by Defendants Royal Sonesta, Inc. and Sonesta International Hotels Corp. is **DENIED** as moot.

New Orleans, Louisiana this 24tht day of July 2017.

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE